UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

DALE THOMAS TURNER,

    Petitioner,

v.

X. SCHUMANN,

    Respondent.

Civil Action No. 11-139-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Dale Thomas Turner is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Turner has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Having reviewed the petition[1], the Court will deny relief because Turner's conviction on prison disciplinary charges was supported by "some evidence."

On December 18, 2007, Turner was indicted in the Southern District of New

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

York for participating in a conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. Prior to trial, Turner was released on a cash bond and, with minor exceptions, was restricted to his residence. On November 14, 2008, Turner agreed to plead guilty pursuant to a written agreement with the government. Turner was not sentenced until February 2, 2010, when the Court ordered him to serve a 70-month term of incarceration. The judgment required him to surrender himself to the custody of the Bureau of Prisons to commence service of his sentence on February 26, 2010. *United States v. Turner*, No. 1:08-cr-147-VM-6 (S.D.N.Y. 2008).

In his petition, Turner alleges that he used marijuana in the years before he was sentenced, and that his usage increased dramatically during the month of February 2010 immediately prior to his surrender into BOP custody. [R. 1 at 2-3] Turner alleges that after he reported to the Federal Prison Camp in Fort Dix, New Jersey on February 26, 2010, the BOP tested him for drug use on February 26, March 10, and April 3. Turner tested positive for marijuana use on all three occasions. [R. 1 at 3]

As a result of the last test, on April 16, 2010, prison staff charged Turner with violating BOP Code 112 for "Use of Narcotics" in Incident Report 2003845. During the Disciplinary Hearing Officer's June 11, 2010, hearing, Turner contended that he had not used marijuana in prison, but that he continued to test positive for THC[2] in his bloodstream as a result of his heavy marijuana use immediately before his

---

[2] Tetrahydrocannabinol ("THC") is the principal psychoactive constituent in cannabis.

surrender and the retarding effect his weight had upon eliminating residual THC from his system. [R. 1 at 6-7] Nonetheless, the DHO found Turner guilty of the infraction and imposed sanctions, including the loss of good time credits. [R. 1-4]

Turner argues that because the human body metabolizes THC at rates which vary depending on factors such as weight, activity level, and water intake, the DHO lacked sufficient credible evidence to determine when he used the marijuana that caused THC to be present in his bloodstream following his surrender into BOP custody. [R. 1 at 9-11] Accordingly, he asks that his disciplinary conviction be vacated and his good time credits restored.

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

Here, Turner challenges the sufficiency of the evidence used to convict him of the disciplinary charge. When determining whether a DHO's decision is supported

by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses, it asks only "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *Ray v. Caraway*, No. JFM-12-286, 2012 WL 3156832, at *7 n.7 (D. Md. Aug. 2, 2012) ("The sole issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by the prison officials.").

In this case, Turner twice tested positive for THC upon his initial surrender to BOP custody, but neither finding resulted in the issuance of an incident report. This is consistent with BOP Program Statement 6060.08 Attachment B, which indicates that 30 days is the BOP's "estimate[] of the maximum length[] of time, after last use, that a person's urine would be positive for [THC]." When Turner tested positive a third time on April 3, 2010, approximately 36 days after his initial surrender, staff sent the sample to an independent laboratory for confirmation of the initial positive result. National Toxicology Laboratories confirmed the positive result in a April 14, 2010, report. [R. 1-3] While Turner argued to the DHO that THC could still be present in his bloodstream from his pre-incarceration drug use, the DHO relied upon both the initial and confirmed positive test results in finding he committed the prohibited act of using narcotics while incarcerated. Because there was "some evidence" in the record to support the DHO's finding of guilt, that finding does not

offend Turner's procedural due process rights. *Novak v. Dewalt*, No. 09-189-KSF, 2009 WL 3367394, at *4-5 (E.D. Ky. Oct. 4, 2009) (prisoner's Code 112 conviction supported by some evidence notwithstanding claim that positive result was caused by narcotic prescribed and taken four months before); *Slater v. Holland*, No. 11-86-HRW, 2012 WL 1655985, at *2-3 (E.D. Ky. May 10, 2012).

Accordingly, **IT IS ORDERED** that:

1. Turner's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. Turner's motion for order to show cause [R. 4] is **DENIED AS MOOT.**

3. The Court will enter an appropriate judgment.

This the 21st day of August, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge